The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JO ELLEN PETERS and KEN LANE, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>AMAZON SERVICES LLC,<br><br>Defendant. | CASE NO. C13-0480-MJP<br><br>**AMAZON SERVICES LLC'S RESPONSE IN OPPOSITION TO PLAINTIFFS' VOLUNTARY MOTION TO DISMISS** |

AMAZON'S OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS
(No. C13-0480-MJP)

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ..................................................................................................................1

II. BACKGROUND ...................................................................................................................2

III. ARGUMENT .........................................................................................................................3

    A. The FAA Mandates a Stay and Does Not Allow the Court Discretion to Dismiss ........................................................................................................................3

    B. The FAA Permits Appeals of Orders Denying Arbitration But Not Orders Compelling Arbitration. ..........................................................................................5

    C. Plaintiffs Have Foregone Their One Available Means to Obtain Interlocutory Review Under Section 1292(b). .......................................................7

    D. *Omstead v. Dell* Does Not Support Plaintiffs' Attempt to Circumvent this Court's Order or the FAA. .................................................................................... 9

IV. CONCLUSION ...................................................................................................................11

AMAZON'S OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS
(No. C13-0480-MJP) – i

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*AT&T Mobility LLC v. Concepcion*,
   131 S. Ct. 1740 (2011) ............................................................................................................ *passim*

*Bushley v. Credit Suisse First Boston*,
   360 F.3d 1149 (9th Cir. 2004) .......................................................................................... 3, 5, 6

*Coneff v. AT&T Corp.*,
   673 F.3d 1155 (9th Cir. 2012) ................................................................................................ 10

*Cuadras v. MetroPCS Wireless, Inc.*,
   2011 WL 11084069 (C.D. Cal. Oct. 11, 2011) ....................................................................... 8

*Dannenberg v. Software Toolworks Inc.*,
   16 F.3d 1073 (9th Cir. 1994) ................................................................................................. 11

*Dean Witter Reynolds, Inc. v. Byrd*,
   470 U.S. 213 (1985) .................................................................................................................. 4

*Green v. SuperShuttle Int'l, Inc.*,
   653 F.3d 766 (8th Cir. 2011) ................................................................................................... 4

*Halim v. Great Gatsby's Auction Gallery, Inc.*,
   516 F.3d 557 (7th Cir. 2008) ................................................................................................... 4

*Hardt v. Direct Invest L.L.C.*,
   2013 WL 494088 (S.D. Cal. Feb. 7, 2013) ............................................................................. 8

*In re Cement Antitrust Litig.*,
   673 F.2d 1020 (9th Cir. 1982) ................................................................................................. 8

*In re Wiand*,
   2012 WL 611896 (M.D. Fla. Jan. 4, 2012) ............................................................................. 6

*Kaltwaser v. AT&T Mobility, LLC*,
   2011 WL 5417085 (N.D. Cal. Nov. 8, 2011) ......................................................................... 8

*Kilgore v. KeyBank, N.A.*,
   673 F.3d 947 (9th Cir. 2012) ............................................................................................ 4, 10

*Kraus v. Bd. of Cnty. Rd. Comm'rs*,
   364 F.2d 919 (6th Cir. 1966) ................................................................................................... 8

AMAZON'S OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS
(No. C13-0480-MJP) – ii

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

*Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*,
   523 U.S. 26 (1998) ........................................................................................................... 4

*Lloyd v. HOVENSA, LLC*
   369 F.3d 263 (3d Cir. 2004) ......................................................................................... 4, 7

*Luchini v. Carmax, Inc.*,
   2012 WL 3862150 (E.D. Cal. Sept. 5, 2012) ................................................................... 8

*McFarlin v. Conseco Servs., LLC*,
   381 F.3d 1251 (11th Cir. 2004) ....................................................................................... 8

*MediVas, LLC v. Marubeni Corp.*,
   __ F.3d. __, 2014 WL 274492 (9th Cir. Jan. 27, 2014) ................................................... 4

*Moglia v. Pac. Emp'rs Ins. Co.*,
   547 F.3d 835 (7th Cir. 2008) ........................................................................................ 6, 7

*Omstead v. Dell, Inc.*,
   594 F.3d 1081 (9th Cir. 2010) ............................................................................... 1, 9, 10

*Ostreicher v. Alienware Corp.*,
   322 Fed. App'x 489 (9th Cir. 2009) ............................................................................... 10

*Perera v. Siegel Trading Co.*,
   951 F.2d 780 (7th Cir. 1992) ........................................................................................... 5

*Sparling v. Hoffman Constr. Co.*,
   864 F.2d 635 (9th Cir. 1998) ........................................................................................... 4

*Weber v. U.S. Trustee*,
   484 F.3d 154 (2d Cir. 2007) ............................................................................................ 8

**State Cases**

*Discover Bank v. Superior Court*,
   36 Cal. 4th 138, 113 P.3d 1100 (2005) ....................................................................... 9, 10

**Federal Statutes**

9 U.S.C. § 3 ..............................................................................................................*passim*

9 U.S.C. § 16 ............................................................................................................*passim*

28 U.S.C. § 1291 ............................................................................................................. 11

28 U.S.C. § 1292(b) ........................................................................................... 2, 5, 7, 8, 9

AMAZON'S OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS
(No. C13-0480-MJP) – iii

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

**Rules**

Federal Rule of Civil Procedure 41(a)(2) .................................................................... 1, 2, 7, 10

Federal Rule of Civil Procedure 41(b) ................................................................................... 9

**Other Authorities**

H.R. Rep. 100-889 at 37 (1988), *reprinted in* 1988 U.S.C.C.A.N. 5982 ................................. 6

Judicial Improvements and Access to Justice Act, Pub. L. 100-702 § 1019(a), 102 Stat.
    4670 § 15 (1988) .............................................................................................................. 5

AMAZON'S OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS
(No. C13-0480-MJP) – iv

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

## I. INTRODUCTION

On November 5, 2013, the Court stayed this case and compelled arbitration of Plaintiffs' claims pursuant to their binding agreements with Defendant Amazon Services LLC ("Amazon") to resolve all disputes by individual arbitration. Instead of arbitrating their claims, Plaintiffs now ask the Court to dismiss this action, admitting their aim is to manufacture a means to obtain appellate review of the Court's order compelling arbitration.

Plaintiffs' motion attempts to circumvent the Federal Arbitration Act ("FAA"), which dictates – consistent with its objectives to promote arbitration – that orders denying arbitration are appealable but orders compelling arbitration ordinarily are not. 9 U.S.C. § 16. In effect, Plaintiffs insist *they* can decide whether an appeal is allowed, by moving for a voluntary dismissal under Federal Rule of Civil Procedure 41(a)(2) and maintaining that they "do not believe that prosecution of the arbitration action is in the economic best interest of any party." Neither the FAA nor any other statute or case law gives Plaintiffs such a discretionary right to create appellate jurisdiction. Moreover, Plaintiffs' rationale and the one case they rely upon, *Omstead v. Dell, Inc.*, 594 F.3d 1081 (9th Cir. 2010), have been abrogated by *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740 (2011), in which the Supreme Court rejected challenges to arbitration agreements on the premise that class proceedings are necessary to vindicate small-dollar claims.

When a court finds that there is a valid agreement to arbitrate and the dispute falls within the scope of the agreement, the FAA leaves no room for discretion – the court *shall* stay the litigation and compel arbitration. This Court recognized these principles in its prior order and should adhere to them now. Permitting Plaintiffs to manufacture an appeal of the Court's arbitration order would undermine long-standing principles against piecemeal appeals and the FAA's purpose of promoting speedy and efficient dispute resolution. The Court should deny Plaintiffs' motion and let stand its prior order directing that, if they wish to resolve their disputes, they must do so by individual arbitration.

AMAZON'S OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS
(No. C13-0480-MJP) – 1

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

## II.  BACKGROUND

Plaintiffs filed this purported class-action on March 15, 2013, (Dkt. No. 1), and filed an Amended Complaint on April 23, 2013. (Dkt. No. 16). On May 10, 2013, Amazon moved to stay the case and compel individual arbitration pursuant to the parties' binding arbitration agreements. (Dkt. No. 17).

On November 5, 2013, after a careful review, the Court concluded that "Plaintiffs agreed to arbitrate their dispute with Amazon." Order Compelling Arbitration, at 1 (Dkt. No. 46; "Order"). The Court found that there was "no dispute that Plaintiffs agreed to the [Amazon Business Solutions Agreement]" and its arbitration agreement. *Id.* at 7. It rejected Plaintiffs' arguments that the BSA was somehow superseded by a predecessor agreement (the Participation Agreement), *id.* at 8-10, and held that "[t]he BSA's arbitration clause clearly covers Plaintiffs' claims because they directly relate to their use of Amazon's services," *id.* at 11. The Court recognized its role under the FAA is limited, and "the Act 'leaves no place for the exercise of discretion by a district court,' but instead mandates "that district courts ***shall*** direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Id.* at 5-6 (quoting *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000), and *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (emphasis in original)). Accordingly, the Court granted Amazon's motion, compelled arbitration, and entered a stay of this action "for a period of 6 months or until arbitration is complete, whichever comes first …." *Id.* at 12.

Plaintiffs did not seek reconsideration of the Court's Order. They did not request that the Court certify its Order for interlocutory appeal under 28 U.S.C. § 1292(b), although such a request is allowed under section 16 of the FAA (as discussed below). Plaintiffs did not initiate arbitration, as the Order directed. Instead, Plaintiffs waited two months and then filed the present motion, seeking to voluntarily dismiss this action with prejudice under Fed. R. Civ. P. 41(a)(2), because Plaintiffs say they "desire a final judgment by which [they] may obtain appellate review of the Court's order compelling arbitration."

AMAZON'S OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS
(No. C13-0480-MJP) – 2

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

Plaintiffs' Voluntary Motion to Dismiss, at 1 (Dkt. No. 47; "Motion").  Both Plaintiffs submitted identical declarations in support of the Motion, each stating:  "I do not believe it is economically viable to prosecute an individual arbitration," Peters Decl. ¶ 2 (Dkt. No. 48); Lane Decl. ¶ 2 (Dkt. No. 49), notwithstanding that they would not pay any arbitration fees or costs and could choose streamlined procedures, *see* Motion to Compel Arbitration, at 8 (Dkt. No. 17); BSA ¶ 18 (Dkt. No. 18-1).

### III.   ARGUMENT

**A.   The FAA Mandates a Stay and Does Not Allow the Court Discretion to Dismiss**

Amazon asked the Court to stay the action pending arbitration, thereby invoking the express mandate of section 3 of the FAA:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, ***shall on application of one of the parties stay the trial of the action*** until such arbitration has been had in accordance with the terms of the agreement . . . .

9 U.S.C. § 3 (emphasis added).  This Court properly followed section 3 and entered a stay of this action to allow arbitration to proceed if Plaintiffs chose to pursue their claims on an individual basis.  Plaintiffs now seek to contravene section 3's stay requirement by obtaining a dismissal instead, for the sole purpose of establishing a means of appeal in the hopes of resurrecting class-wide claims.

"The [FAA] represents Congress's intent 'to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible.'"  *Bushley v. Credit Suisse First Boston*, 360 F.3d 1149, 1153 (9th Cir. 2004) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 22 (1983)).  As the Supreme Court recently reaffirmed, the "two goals" of the FAA are "enforcement of private agreements and encouragement of efficient and speedy dispute resolution." *Concepcion*, 131 S. Ct. at 1749 (quoting *Dean Witter Reynolds*, 470 U.S. at 221).

AMAZON'S OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS
(No. C13-0480-MJP) – 3

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

Congress's use of the word "shall" in section 3 divests district courts of discretion to dismiss actions instead of staying them. *See Dean Witter Reynolds*, 470 U.S. at 218 (use of "shall" in the FAA precludes district courts from exercising discretion); *see also Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 35 (1998) ("[T]he mandatory 'shall' ... normally creates an obligation impervious to judicial discretion."); *Green v. SuperShuttle Int'l, Inc.*, 653 F.3d 766, 770 (8th Cir. 2011) (Shepard, J., concurring) ("Nothing in the statute gives the court discretion to dismiss the action when all of the issues in the case are arbitrable"); *Halim v. Great Gatsby's Auction Gallery, Inc.*, 516 F.3d 557, 561 (7th Cir. 2008) ("[T]he proper course of action when a party seeks to invoke an arbitration clause is to stay the proceedings rather than to dismiss outright."); *Lloyd v. HOVENSA, LLC*, 369 F.3d 263, 269 (3d Cir. 2004) ("[T]he plain language of [section] 3 affords a district court no discretion to dismiss a case where one of the parties applies for a stay pending arbitration.").

In *Kilgore v. KeyBank, N.A.*, 673 F.3d 947 (9th Cir. 2012), the Ninth Circuit acknowledged the compulsory nature of section 3's stay requirement, reiterating that "the FAA 'leaves no place for the exercise of discretion by a district court, but instead mandates that district courts ***shall*** direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed.'" *Id.* at 955 (quoting *Dean Witter Reynolds*, 470 U.S. at 218). "The federal case ***must be stayed*** while the parties proceed to arbitration." *Id*. (emphasis added).[1] More recently, the Ninth Circuit emphasized its "preference for staying an action pending arbitration rather than dismissing it," holding that an order compelling arbitration but not explicitly dismissing the underlying claims will be presumed to effect a stay. *MediVas, LLC v. Marubeni Corp.*, __ F.3d. __, 2014 WL 274492, at *4 (9th Cir. Jan. 27, 2014).

---

[1] *Kilgore* supersedes the Ninth Circuit's earlier decision in *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1998), which indicated that district courts have discretion to dismiss actions pending arbitration instead of staying them. *See Kilgore*, 673 F.3d at 955. Additionally, *Sparling* is not controlling because it was decided before Congress added section 16 to the FAA in 1988 (discussed below).

AMAZON'S OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS
(No. C13-0480-MJP) – 4

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

The FAA creates no exception to the section 3 stay requirement for parties (or their counsel) who, for strategic reasons, want to skip arbitration and continue improperly litigating their claims. Plaintiffs' Motion says nothing about section 3 at all. They should not be allowed to circumvent its mandate.

### B. The FAA Permits Appeals of Orders Denying Arbitration But Not Orders Compelling Arbitration.

Congress's intent to promote arbitration and to prevent its delay is underscored by section 16 of the FAA. 9 U.S.C. § 16. Added to the Act in 1988, *see* Judicial Improvements and Access to Justice Act, Pub. L. 100-702 § 1019(a), 102 Stat. 4670 § 15 (1988), section 16 effectively allows one-way interlocutory appellate rights concerning arbitration decisions. Congress added section 16 for the express purpose of "limit[ing] appeals from orders directing arbitration." *Bushley*, 360 F.3d at 1153 (quotation omitted). It makes "interlocutory judicial actions *denying* arbitration immediately appealable, while not allowing the appeal of similar interlocutory orders *granting* arbitration." *Perera v. Siegel Trading Co.*, 951 F.2d 780, 783 (7th Cir. 1992) (emphasis in original) (citation omitted).[2] This disparate treatment is by design; it "favors arbitration by assuring that

---

[2] This distinction is plain from the structure of section 16. Subsection (a) explains that appeals are allowed when a district court refuses to order arbitration, when arbitration proceedings are concluded, or when a final decision is entered:

   (a) An appeal may be taken from –
      (1) an order –
         (A) refusing a stay of any action under section 3 of this title,
         (B) denying a petition under section 4 of this title to order arbitration to proceed,
         (C) denying an application under section 206 of this title to compel arbitration,
         (D) confirming or denying confirmation of an award or partial award, or
         (E) modifying, correcting, or vacating an award;
      (2) an interlocutory order granting, continuing or modifying an injunction against an arbitration that is subject to this title; or
      (3) a final decision with respect to an arbitration that is subject to this title.

In contrast, subsection (b) of section 16 prohibits appeals of pro-arbitration decisions, except if such a decision meets the requirements of 28 U.S.C. § 1292(b) and is certified and accepted for appellate review. Subsection (b) states:

AMAZON'S OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS
(No. C13-0480-MJP) – 5

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

orders denying arbitration are quickly reviewed so that if there is an error arbitration can proceed and so that orders granting arbitration are followed without the delay of interlocutory appeals." *Id.* More simply, section 16 "positively *forbids* appeal" of "[a] pro-arbitration decision, coupled with a stay (rather than a dismissal) of the suit." *Moglia v. Pac. Emp'rs Ins. Co.*, 547 F.3d 835, 837 (7th Cir. 2008) (emphasis in orginal); *see also* 16 H.R. Rep. 100-889 at 37 (1988), *reprinted in* 1988 U.S.C.C.A.N. 5982, 5997 (reflecting Congress's intent to "specifically prohibit[]" appeals "when the trial court finds that the parties have agreed to arbitrate and that the dispute comes within the arbitration agreement").

Section 16 thus squares with the FAA's fundamental purpose of moving the parties "into arbitration as quickly and easily as possible." *See Bushley*, 360 F.3d at 1153 (quoting *Moses H. Cone*, 460 U.S. at 22). It reflects that "[u]nnecessary delay of the arbitral process through appellate review is disfavored," as appeals of pro-arbitration orders merely causes further litigation, burden and delay. *Id.* at 1153 n.1 (quoting *Salim Oleochemicals v. M/V Shropshire*, 278 F.3d 90, 93 (2d Cir. 2002)); *see also In re Wiand*, 2012 WL 611896, at *6 (M.D. Fla. Jan. 4, 2012) (section 16's "design was to assure that if the district court does determine that arbitration is called for, the court system's interference with the arbitral process will terminate then and there, leaving arbitration to go forward" (internal quotation omitted)).[3]

---

(b) Except as otherwise provided in section 1292(b) of title 28, an appeal may not be taken from an interlocutory order –
  (1) granting a stay of any action under section 3 of this title;
  (2) directing arbitration to proceed under section 4 of this title;
  (3) compelling arbitration under section 206 of this title; or
  (4) refusing to enjoin an arbitration that is subject to this title.

9 U.S.C. § 16.

[3] The Third Circuit succinctly described the intent and effect of section 16:

Under § 16 of the FAA, … whenever a stay is entered under § 3, the party resisting arbitration is expressly denied the right to an immediate appeal. The legislative scheme of the FAA thus reflects a policy decision that, if a district court determines that arbitration of a claim is called

AMAZON'S OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS
(No. C13-0480-MJP) – 6

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

Plaintiffs are aiming to do precisely what section 16 was designed to prohibit. Here again, their Motion says nothing about section 16. Plaintiffs seek to invoke Rule 41(a)(2) to obtain a voluntary dismissal and create appellate rights, yet they fail to understand that section 16 supersedes other possible mechanisms of appellate jurisdiction. *Moglia*, 547 F.3d at 837. In section 16 of the FAA, Congress has expressly defined and limited when appeals may be taken from arbitration orders, and Plaintiffs cannot end-run those mandates.

### C. Plaintiffs Have Foregone Their One Available Means to Obtain Interlocutory Review Under Section 1292(b).

While section 16 of the FAA bars nearly all appeals of interlocutory orders compelling arbitration, it allows one exception – a party that contests an arbitration order may seek review subject to the procedures and requirements of 28 U.S.C. 1292(b). *See* 9 U.S.C. § 16(b) ("an appeal may not be taken from an interlocutory order" "[e]xcept as otherwise provided in section 1292(b) of title 28").[4] Plaintiffs could have sought certification and review under section 1292(b), but they did not, and they should not be allowed to avoid its strictures now.

---

for, the judicial system's interference with the arbitral process should end unless and until there is a final award.

If an exception to the mandate of § 3 were to be fashioned, thus giving the District Court discretion to dismiss the action rather than enter a stay, a party who has been held entitled to arbitration would be deprived of an important benefit which the FAA intended him to have—the right to proceed with arbitration without the substantial delay arising from an appeal. Stated conversely, the effect of recognizing an exception to the mandatory directive of § 3 is to give the District Court the power to confer a right to an immediate appeal that would not otherwise exist.

*Lloyd v. HOVENSA, LLC*, 369 F.3d at 270-71.

[4] Section 1292(b) provides:

When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b).

AMAZON'S OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS
(No. C13-0480-MJP) – 7

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

Section 1292(b) allows immediate appeal of interlocutory orders only with the express consent of the district court and the Court of Appeals for rulings involving (1) a controlling question of law; (2) that presents substantial grounds for a difference of opinion, and when (3) an immediate appeal will materially advance the ultimate termination of the litigation. *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982). Interlocutory appeals under section 1292(b) are "to be used only in exceptional situations," *id.*, and not in "ordinary suits," *Kraus v. Bd. of Cnty. Rd. Comm'rs*, 364 F.2d 919, 922 (6th Cir. 1966), or as "an error-correction function," *Weber v. U.S. Trustee*, 484 F.3d 154, 159 n.3 (2d Cir. 2007). "Because permitting piecemeal appeals is bad policy, permitting liberal use of § 1292(b) interlocutory appeals is bad policy." *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004).

Given the high bar section 1292(b) imposes, it is perhaps not surprising Plaintiffs have avoided the statute. Plaintiffs cannot show that their appeal would involve a controlling question of law. Rather, the Court's Order compelled arbitration based on established law as applied to undisputed facts, which is not a basis for section 1292(b) certification. *See Cuadras v. MetroPCS Wireless, Inc.*, 2011 WL 11084069, at *4 (C.D. Cal. Oct. 11, 2011). They also cannot point to a substantial ground for difference of opinion about their strained arguments to invoke the prior Participation Agreement as though it were a "Program Policy" under the Amazon BSA which Plaintiffs undisputedly accepted. Plaintiffs obviously disagree with the Court's Order compelling arbitration, but their dissatisfaction does not equate to grounds for section 1292(b) review. Indeed, Plaintiffs likely chose not to invoke section 1292(b) because courts have routinely rejected such requests by plaintiffs seeking to appeal orders compelling arbitration. *See, e.g.*, *Hardt v. Direct Invest L.L.C.*, 2013 WL 494088 (S.D. Cal. Feb. 7, 2013); *Luchini v. Carmax, Inc.*, 2012 WL 3862150 (E.D. Cal. Sept. 5, 2012); *Cuadras*, 2011 WL 11084069, at *3-4; *Kaltwasser v. AT&T Mobility, LLC*, 2011 WL 5417085, at *2-3 (N.D. Cal. Nov. 8, 2011)

AMAZON'S OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS
(No. C13-0480-MJP) – 8

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

(also rejecting plaintiff's request that court enter final judgment so as to allow an appeal of arbitration order).

Plaintiffs cannot disregard section 1292(b) any more so than they can avoid the FAA. Their aim to manufacture appellate jurisdiction is transparent but their wishes cannot overcome the governing statutes and Congress's express intent.

### D. *Omstead v. Dell* Does Not Support Plaintiffs' Attempt to Circumvent this Court's Order or the FAA.

In support of their Motion, Plaintiffs cite one case, *Omstead v. Dell, Inc.*, 594 F.3d 1081 (9th Cir. 2010), contending that it establishes their right to obtain a voluntary dismissal to manufacture a basis for an immediate interlocutory appeal. *See* Motion at 3-5. However, Plaintiffs' reliance on *Omstead* is misplaced, because it did not even consider the FAA's dictates, much less apply and enforce the Act, and, in any event, the underlying rationale the Ninth Circuit proffered as a basis for allowing an appeal in that case no longer survives after the Supreme Court's subsequent decision in *Concepcion*.

In *Omstead*, the plaintiffs brought a putative class action, and the district court granted Dell's motion to compel arbitration pursuant to Dell's customer agreement requiring individual arbitration. 594 F.3d at 1083. The plaintiffs then asserted they would not arbitrate their claims individually because they did not believe it was economically feasible to do so, relying on then-applicable California law, which held that arbitration agreements precluding class actions were unconscionable and unenforceable. *Id.* at 1085-86 & n.3 (relying on *Discover Bank v. Superior Court*, 36 Cal. 4th 148, 113 P.3d 1100 (2005)). When the plaintiffs failed to proceed with arbitration, the district court dismissed their claims for failure to prosecute under Fed. R. Civ. P. 41(b). *Id.* at 1084.

The Ninth Circuit concluded that "the district court abused its discretion when it dismissed plaintiffs' action for failure to prosecute," because the plaintiffs did not cause any unreasonable delay and the other Rule 41(b) factors weighed against dismissal. *Id.* Though unnecessary to its decision, the court went on to say that "[t]he appropriate order

AMAZON'S OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS (No. C13-0480-MJP) – 9

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

would have been a voluntary dismissal with prejudice under Federal Rule of Civil Procedure 41(a)(2)." *Id.* at 1085.  The court then reversed the order compelling arbitration, in light of another Ninth Circuit decision that had just been announced, *Ostreicher v. Alienware Corp.*, 322 Fed. App'x 489 (9th Cir. 2009), which had held that a choice-of-law provision in a consumer agreement designating another state's law violated California public policy and was unenforceable because a class action wavier was unconscionable under California law and the *Discover Bank* test.  594 F.3d at 1086-87.

The Ninth Circuit's discussion in *Omstead* about how the district court could have proceeded is dicta.  Moreover, *Omstead* did not mention the FAA and its stay requirement and limitations on appeals, and it appears the parties had no opportunity to address these issues given that the Ninth Circuit raised the issue of a Rule 41(a)(2) voluntary dismissal *sua sponte*.

More importantly, the premise of *Omstead* is no longer good law after the Supreme Court rejected the same rationale in *Concepcion*.  In that case, the Supreme Court rejected challenges to arbitration agreements precluding class claims (and specifically rejected the contrary rule reflected by *Discover Bank*), holding that they "stand as an obstacle to the accomplishment of the FAA's objectives" and so are preempted.  *Concepcion*, 131 S. Ct. at 1748; *see also Kilgore*, 673 F.3d at 957–58.  More specifically, *Concepcion* rejected plaintiffs' arguments that they could not effectively vindicate claims absent a class action because the claims allegedly were worth less than the cost of litigating them.  *Concepcion*, 131 S. Ct. at 1753 (rejecting argument "that class proceedings are necessary to prosecute small-dollar claims that might otherwise slip through the legal system"); *see also Coneff v. AT&T Corp.*, 673 F.3d 1155, 1158 (9th Cir. 2012) ("Although Plaintiffs argue that the claims at issue in this case cannot be vindicated effectively because they are worth much less than the cost of litigating them, the *Concepcion* majority rejected that premise.").

Plaintiffs' sole argument now is that they should be entitled to create an immediate appellate right because they "do not believe that prosecution of the arbitration action is in

AMAZON'S OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS
(No. C13-0480-MJP) – 10

the economic best interest of any party." Motion at 3. As an initial matter, proceeding with arbitration and precluding piecemeal appeals definitely *is* in the best interests of Amazon and the courts, and the availability of a low-cost and expeditious dispute resolution process is in Plaintiffs' interests as well. More fundamentally, Plaintiffs' contention that they can dictate appellate rights and timing based on ***their view*** that they do not want to pursue their claims unless they can do so in a class action is directly at odds with the holding and rationale of *Concepcion*. Plaintiffs can no longer attack arbitration agreements on the ground that they do not believe it is economical to pursue claims except on a class-wide basis. It follows that they may not manufacture appellate rights based on the same discredited premise.

## IV.   CONCLUSION

The Ninth Circuit has "rejected 'the notion that the policies against multiplicity of litigation and against piecemeal appeals may be avoided at the whim of a plaintiff.'" *Dannenberg v. Software Toolworks Inc.*, 16 F.3d 1073, 1076 (9th Cir. 1994) (quoting *Fletcher v. Gagosian*, 604 F.2d 637, 638-39 (9th Cir. 1979)). This Court should do the same by denying Plaintiffs' Motion and adhering to its prior Order that, if Plaintiffs wish to pursue their claims they must do so in arbitration. After that and confirmation of a final award, Plaintiffs will be able to appeal, with all issues combined in a final judgment as required by 28 U.S.C. § 1291.

AMAZON'S OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS
(No. C13-0480-MJP) – 11

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1  DATED this 10th day of February, 2014.

2                                                    DAVIS WRIGHT TREMAINE LLP
*Attorneys for Amazon Services LLC*

By: /s/ *James C. Grant*
    James C. Grant, WSBA #14358
    John A. Goldmark, WSBA #40980
    James Harlan Corning, WSBA #45177
    1201 Third Avenue, Suite 2200
    Seattle, Washington  98101-3045
    Telephone:  (206) 622-3150
    Facsimile:  (206) 757-7700
    Email:  jamesgrant@dwt.com
            johngoldmark@dwt.com
            jamescorning@dwt.com

AMAZON'S OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS
(No. C13-0480-MJP) – 12

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

# CERTIFICATE OF SERVICE

I hereby certify that on February 10, 2014, I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following plaintiffs' counsel:

| | |
|---|---|
| Beth E. Terrell: | bterrell@tmdwlaw.com |
| Britton D. Monts: | bmonts@themontsfirm.com |
| Richard E. Norman | rnorman@crowleynorman.com |
| R. Martin Weber, Jr. | mweber@crowleynorman.com |

DATED February 10, 2014.

    /s/*James C. Grant*
James Harlan Corning, WSBA #45177
Davis Wright Tremaine LLP
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
Telephone: (206) 622-3150
Fax: (206) 757-7700
E-mail: jamescorning@dwt.com

AMAZON'S OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS
(No. C13-0480-MJP) – 13

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700