1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

11

12

13

14

| | |
|---|---|
| JO ELLEN PETERS and KEN LANE,<br><br>                    Plaintiffs,<br><br>        v.<br><br>AMAZON SERVICES LLC,<br><br>                    Defendant. | CASE NO. C13-480 MJP<br><br>ORDER DISMISSING ACTION<br>WITH PREJUDICE UNDER 41(A)(2) |

15

16        THIS MATTER comes before the Court on Plaintiffs' Voluntary Motion to Dismiss with

17   Prejudice Pursuant to Federal Rule of Civil Procedure 41(a)(2). (Dkt. No. 47.) The Court

18   previously sought additional briefing on the question whether 41(a)(1) applied to Plaintiffs'

19   request for dismissal. (Dkt. No. 53.) Having considered the Motion, the Parties' memoranda in

20   response to the Court's question (Dkt. Nos. 54, 55), Defendant's Response to the Motion (Dkt.

21   No. 51), and Plaintiffs' Reply (Dkt. No. 52), the Court hereby GRANTS Plaintiff's request for

22   voluntary dismissal with prejudice under 41(a)(2).

23

24

ORDER DISMISSING ACTION WITH
PREJUDICE UNDER 41(A)(2)- 1

**Background**

1

2    Plaintiffs and purposed class action representatives are former third-party sellers on

3  Amazon who sued Amazon over the retention of funds allegedly owed the sellers after Amazon

4  suspended their accounts. (See Dkt. No. 16.) After hearing oral argument, the Court granted

5  Amazon's motion to compel arbitration. (Dkt. No. 46.) Plaintiffs now inform the Court they do

6  not intend to follow through with arbitration because allegedly it would not be economically

7  feasible for them to do so. (See Dkt. No. 47 at 3.) Instead, Plaintiffs ask the Court to grant their

8  motion to dismiss with prejudice under Fed. R. Civ. P. 41(a)(2) in order to appeal the arbitration

9  order.

**Analysis**

10

11    Federal Rule of Civil Procedure 41 governs voluntary dismissal of an action. Prior to a

12  defendant's answer or motion for summary judgment, a plaintiff may dismiss its own action by

13  filing a notice of dismissal with the Court. Fed. R. Civ. P. 41(a)(1). In this case the Court ordered

14  arbitration before Amazon filed either an answer or a motion for summary judgment, and

15  arbitration motions do not count as the equivalent of those filings for the purposes of 41(a)(1).

16  See Hamilton v. Shearson-Lehman American Exp., Inc., 813 F.2d 1532, 1535 (9th Cir. 1987).

17  However, Plaintiffs ask the Court not to consider their motion a notice of voluntary dismissal

18  under 41(a)(1) because they are seeking an order that would allow them to appeal the Court's

19  arbitration order. (See Dkt. No. 54.) This idea has its origins in dicta from Omstead v. Dell, 594

20  F.3d 1081, 1085 (9th Cir. 2010) ("Plaintiffs were not certain how they could procedurally obtain

21  appellate review of the arbitration order while maintaining consistency with circuit law, given

22  the then-pending appeal of [a case] which presented similar issues. The appropriate order would

23

24

1  have been a voluntary dismissal with prejudice under Federal Rule of Civil Procedure

2  41(a)(2).").

3       Of course, the question whether to allow Plaintiffs to dismiss their action unilaterally has

4  nothing to do with whether the 9th Circuit will hear an appeal of the Court's interlocutory order.

5  Even if Plaintiffs' motion is not considered a notice of voluntary dismissal under 41(a)(1), there

6  is an unambiguous standard governing voluntary dismissal under Fed. R. Civ. P. 41(a)(2). A

7  district court should grant a motion for voluntary dismissal under Fed. R. Civ. P. 41(a)(2) unless

8  a defendant can show that it will suffer some plain legal prejudice as a result. Waller v. Financial

9  Corp. of America, 828 F.2d 579, 583 (9th Cir.1987). Legal prejudice means "prejudice to some

10  legal interest, some legal claim, some legal argument." Westlands Water Dist. v. United States,

11  100 F.3d 94, 97 (9th Cir. 1996). This showing is not satisfied where the defendant would be

12  inconvenienced or where the plaintiff would gain some tactical advantage as a result of the

13  dismissal. Hamilton v. Firestone Tire & Rubber Co., Inc., 679 F.2d 143, 145 (9th Cir. 1982).

14       While Defendant clearly prefers that appellate review of arbitration orders through

15  voluntary dismissals with prejudice not be available to its litigation opponents, that general

16  policy preference does not constitute legal prejudice in this case. Early appellate review of either

17  this order of dismissal or the interlocutory arbitration order—assuming Plaintiffs will be able to

18  access such an appeal—would not prevent Defendant from asserting any argument that would

19  otherwise be available to it.

20       Defendant further claims the Court is constrained by the Federal Arbitration Act

21  ("FAA"), which instructs district courts to enter a stay when an issue is referable to arbitration.

22  See 9 U.S.C. § 9. But the Court already entered a stay in accordance with this provision; the

23

24

1  FAA says nothing about whether plaintiffs may later seek dismissal of their claims with

2  prejudice.

3       The Court expresses no opinion on whether the 9th Circuit will find appellate jurisdiction

4  to hear an appeal of the arbitration order or find exercise of that jurisdiction compatible with the

5  FAA. But neither is the Court able to prevent Plaintiffs from testing their novel appellate theory

6  when they simply seek operation of a neutral rule of federal civil procedure.

7                                          **Conclusion**

8       Plaintiffs' motion is hereby GRANTED and the case is DISMISSED with prejudice

9  41(a)(2) because Defendant is unable to show legal prejudice overcoming Plaintiffs' right to

10  dismiss their own action.

11

12       The clerk is ordered to provide copies of this order to all counsel.

13       Dated this 14th day of March, 2014.

14

15

16  _____
    Marsha J. Pechman

17  Chief United States District Judge

18

19

20

21

22

23

24

ORDER DISMISSING ACTION WITH
PREJUDICE UNDER 41(A)(2)- 4